STATE OF HAWAI`I, Plaintiff-Appellee,
v.
JEREMY TOWNSEND STICE, Defendant-Appellant.
No. 8709
Intermediate Court of Appeals of Hawaii.
September 5, 2008.
On the briefs:
Melissa N. Lam, deputy public defender, State of Hawai`i, for defendant-appellant.
Renee Ishikawa Delizo, deputy prosecuting attorney County of Maui, for plaintiff-appellee.

MEMORANDUM OPINION
WATANABE, Presiding J. NAKAMURA, and FUJISE, JJ.
Defendant-Appellant Jeremy Townsend Stice (Stice) appeals the Judgment entered on July 25, 2007 in the District Court of the Second Circuit (district court),[1] convicting and sentencing him for reckless driving of vehicle, in violation of Hawaii Revised Statutes (HRS) § 291-2 (2007).[2]
On appeal, Stice contends that the district court erred in convicting him of reckless driving of vehicle because (1) there was insufficient evidence to establish that he acted with a reckless state of mind; and (2) Plaintiff-Appellee State of Hawai`i (the State) failed to adduce sufficient evidence to negate the "necessity" or "choice of evils" justification defense he raised, pursuant to HRS § 703-302 (1993).
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the case law and statutes relevant to the arguments advanced and the issues raised by the parties, we disagree with Stice and resolve his points of error as follows:
(1) There is substantial evidence in the record to support Stice's conviction.
The complaining witness (CW) testified that on February 21, 2007, at approximately 11:50 p.m., he was driving his van on Hana Highway heading into Pã`ia, Maui, accompanied by his son. The road was wet and slippery, it was rainy, and he observed in his rear-view mirror a "black sports-like looking car" (car) driven by Stice in the oncoming lane of traffic, passing other cars and heading in the same direction as CW. CW related that he was traveling at about forty to forty-five miles per hour, approaching an area of the highway that was in a thirty-mile-per-hour zone; there were solid double lines between the lane of highway he was driving in and the oncoming lane Stice was driving in; Stice's car passed his van "really fast"; Stice's car was in the oncoming lane for about a quarter of a mile before passing CW's van; there were other vehicles coming toward CW in the oncoming lane; and Stice's conduct forced CW to pull to the side of the road onto a grassy area because CW feared for his and his son's safety.
Maui Police Officer Lawson (Officer Lawson) testified that on February 21, 2007 at approximately 11:50 p.m., it was rainy, wet, and dark and he and Officer Todd Laraway (Officer Laraway) were in their separate cars, parked in the Pã`ia municipal parking lot located at the entrance to Pã`ia town, watching motorists pass by. There was a speed sign just before the entrance to Pa`ia that said "reduced speed" and Officer Lawson believed the speed limit in that area was twenty miles per hour. Officer Lawson stated that he saw a car "going pretty quick" and because the car "flew by us pretty quickly," "was too fast," and could cause a fatality, especially in light of the pedestrian activity in Pa`ia town, he stopped the car to warn its driver, Stice, to slow down. According to Officer Lawson, CW then pulled up, told the officer that Stice had almost run CW off the road, was crossing solid lines, traveling at a high rate of speed, and should be arrested. CW then made a citizen's arrest of Stice for reckless driving of vehicle.
Officer Laraway testified that upon noticing a car traveling eastbound on Hana Highway at a high rate of speed, he used his laser to clock the car traveling at eighty-five miles per hour in a twenty-mile-per-hour zone. He stated that although he had been certified to use the laser as a police officer in California, he was not yet certified to use it in Hawai`i. Therefore, he did not cite Stice, the car's driver, for speeding. However, he and Officer Lawson did initiate a traffic stop of Stice's car.
After listening to all the testimony, the district court indicated that it believed the testimony of CW and the police officers and did not believe the testimony of Stice. We conclude that substantial evidence was adduced that Stice operated his vehicle in a manner that would "enable a reasonably cautious person to believe the safety of other persons and property then on the highway was put at substantial and unjustifiable risk," see State v. Agard IV, 113 Hawaii 321, 328-29, 151 P.3d 802, 8.09-10 (2007) (internal quotation marks omitted). Accordingly, the district court did not err in convicting Stice for reckless driving of vehicle.
(2) HRS § 701-115 (1993) provides, in relevant part, as follows:
Defenses. (1) A defense is a fact or set of facts which negatives penal liability.
(2) No defense may be considered by the trier of fact unless evidence of the specified fact or facts has been presented. If such evidence is presented, then:
(a) If the defense is not an affirmative defense, the defendant is entitled to an acquittal if the trier of fact finds that the evidence, when considered in the light of any contrary prosecution evidence, raises a reasonable doubt as to the defendant's guilt; or
(b) If the defense is an affirmative defense, the defendant is entitled to an acquittal if the trier of fact finds that the evidence, when considered in light of any contrary prosecution evidence, proves by a preponderance of the evidence the specified fact or facts which negative penal liability.
(3) A defense is an affirmative defense if:
(a) It is specifically so designated by the Code or another statute; or
(b) If the Code or another statute plainly requires the defendant to prove the defense by a preponderance of the evidence.
The "necessity" or "choice of evils" defense raised by Stice at trial is set forth in HRS § 703-302 (1993), which provides, in relevant part, as follows:
Choice of evils. (1) Conduct which the actor believes to be necessary to avoid an imminent harm or evil to the actor or to another is justifiable provided that:
(a) The harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged; and
(b) Neither the [Hawaii Penal] Code nor other law defining the offense provides exceptions or defenses dealing with the specific situation involved; and
(c) A legislative purpose to exclude the justification claimed does not otherwise plainly appear.
(2) When the actor was reckless or negligent in bringing about the situation requiring a choice of harms or evils or in appraising the necessity for the actor's conduct, the justification afforded by this section is unavailable in a prosecution for any offense for which recklessness or negligence, as the case may be, suffices to establish culpability.
The foregoing defense is not designated in the Hawaii Penal Code or any other statute as an affirmative defense, nor is there any statutory requirement that "requires [Stice] to prove the defense by a preponderance of the evidence. HRS § 701-115(3). Therefore, Stice was entitled to an acquittal if the district court determined "that the evidence, when considered in the light of any contrary prosecution evidence, raise[d] a reasonable doubt as to [Stice's] guilt." HRS § 701-115(2)(a). The burden was on the State "to disprove the justification evidence that was adduced or to prove facts negativing the justification defense, and to do so beyond a reasonable doubt." State v. Kaimimoku, 9 Haw. App. 345, 350, 841 P.2d 1076, 1079 (1992); Commentary to HRS § 701-115. The State satisfies this burden "when the jury believes [the State's] case and disbelieves the defense." Commentary to HRS § 701-115.
Stice testified that on February 21, 2007, he worked late, went to the gym to let out some stress, and left the gym at about 11:30 to 11:35 p.m. As he exited the gym and was walking his car, he was accosted by three individuals who were yelling at him. Stice claimed that he felt threatened since he had been followed home by an angry stranger on a previous occasion. He got into his car and pulled onto Hana Highway, and after crossing an intersection, he noticed that a car appeared to be following him. Several miles down the road, he passed three or four cars in a legal passing zone, after judging that it was safe to pass and would not endanger anyone. Stice stated that he did not know how fast he was traveling at the time but doubted that he was traveling at eighty miles per hour. He also insisted that he was "simply trying to ensure [his] own safety."
The district court did not believe Stice's testimony regarding his justification defense and stated, after some elaboration, that "frankly, in the Court's mind, that testimony does not hold water, and does not jive." The record thus shows that the State negatived Stice's defense beyond a reasonable doubt.
Accordingly, the Judgment entered on July 25, 2007 by the District Court of the Second Circuit is affirmed.
NOTES
[1] The Honorable Simone Polak presided.
[2] HRS § 291-2 (2007) provides currently, as it did at the time Stice was accused of violating the statute, as follows:

Reckless driving of vehicle or riding of animals; penalty. Whoever operates any vehicle or rides any animal recklessly in disregard of the safety of persons or property is guilty of reckless driving of vehicle or reckless riding of an animal, as appropriate, and shall be fined not more than $1,000 or imprisoned not more than thirty days, or both.